**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 7 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

OSCAR MARQUEZ-RAMOS,

Defendant-Appellant.

No. 01-2064
(D.C. No. CR-00-1467-JC)
(D. N.M.)

**ORDER AND JUDGMENT** *

Before **ANDERSON** and **BALDOCK** , Circuit Judges, and **BRORBY** , Senior Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant Oscar Marquez-Ramos appeals the sentence imposed by the district court , claiming error in the calculation of his criminal history level under

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

§ 4A1.2(a)(2) of the United States Sentencing Guidelines. Finding no error, we affirm.

Mr. Marquez-Ramos pleaded guilty to reentering the United States after being deported in violation of 8 U.S.C. § 1326. At sentencing the only contested issue was the determination of Mr. Marquez-Ramos's criminal history. The district court concluded that the proper category was Level V, based upon a total of eleven criminal history points. This calculation, which subjected Mr. Marquez-Ramos to a sentencing range of forty-six to fifty-seven months, included three points for an earlier state court conviction for possession of a controlled substance. It also included an additional two points for a conviction on a charge of abuse of public records in the same state court, albeit under a different docket number. [1]

Mr. Marquez-Ramos objected to the additional two points for the abuse of public records conviction on the ground that it was "related" to the drug possession conviction as that term is defined by the sentencing guidelines. He argued that it should not, in consequence, be counted separately in calculating his criminal history level. *See* USSG § 4A1.2(a)(2) ("Prior sentences imposed in

---

[1]    Mr. Marquez-Ramos has still other prior state court convictions, but they are not at issue in this appeal.

unrelated cases are to be counted separately. Prior sentences imposed in related cases are to be treated as one sentence . . .").

Rejecting this argument, the district court sentenced Mr. Marquez-Ramos to forty-six months in prison. The court noted that Mr. Marquez-Ramos had been arrested, charged, and released on bond with respect to the drug possession charge at the time he committed the second offense, abuse of public records, for which he was later arrested and convicted. (Mr. Marquez-Ramos's conviction for abuse of public records was the result of a plea bargain; he was originally arrested and charged with a different offense.) Had the district court agreed with Mr. Marquez-Ramos's contention that his prior offenses were related, his criminal history category would have been IV and the resulting sentencing range would have been lower.

The district court 's finding of unrelatedness was a factual determination reviewed in this court only for clear error. *United States v. Alberty*, 40 F.3d 1132, 1133 (10th Cir. 1994). Mr. Marquez-Ramos bears the burden of showing that his two contested prior convictions were related. *Id.* at 1134. Furthermore, as the Supreme Court recently cautioned the courts of appeals, district courts enjoy an institutional advantage in making the type of determination at issue here. *Buford v. United States*, 532 U.S. 59, 121 S. Ct. 1276, 1280 (2001) (holding that deference is appropriate when appellate court reviews trial court's determination

as to whether prior convictions were related or "consolidated" under sentencing guidelines). This is so, said the Court, "because a district judge sees many more 'consolidations' than does an appellate judge." *Id.*, 121 S. Ct. at 1280.

On appeal Mr. Marquez-Ramos claims that his two prior state court convictions were "functional[ly]" consolidated for sentencing by the state court and are therefore related offenses. Appellant's Br. at 11. He points principally to the concurrent sentences he received for the two offenses, arguing that this fact evinces the state court's intent to consolidate the two offenses for sentencing. He relies on the commentary to USSG § 4A1.2, which states that a defendant's earlier convictions are considered related if they resulted from offenses that were "consolidated for . . . sentencing." *See* USSG § 4A1.2, cmt. n.3. [2]

But in making this argument Mr. Marquez-Ramos misreads or ignores other portions of the commentary to § 4A1.2. The comment makes clear that "[p]rior sentences are *not* considered related if they were for offenses that were separated

---

[2]    The comment, in relevant part, reads:

> Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest ( i.e., the defendant is arrested for the first offense prior to committing the second offense). Otherwise, prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing.

USSG § 4A1.2, cmt. n.3.

by an intervening arrest." *Id.*, cmt. n.3 (emphasis added). There is no dispute here that Mr. Marquez-Ramos's two contested offenses were separated by an intervening arrest; that is, he committed (and was arrested for) the later offense after he committed the former offense. Thus, Mr. Marquez-Ramos's intervening arrest on the second offense defeats any claim that the two offenses were, or can be considered, related offenses. *See United States v. Wilson*, 41 F.3d 1403, 1405 (10th Cir. 1994) (relying on the "intervening arrest" provision of the commentary to conclude that defendant's two offenses were unrelated).

Additionally, this court has never said that the existence of concurrent sentences mandates a finding that two prior offenses were "consolidated" within the meaning of the sentencing guidelines. To the contrary, we have said that "the mere fact of the concurrent . . . sentencing [does] not convert the separate convictions into a 'related' crime." *United States v. Villarreal*, 960 F.2d 117, 120 (10th Cir. 1992). This is particularly so, as here, "when the two charges retained separate docket numbers." *Alberty*, 40 F.3d at 1135.

Mr. Marquez-Ramos has failed to persuade us that the district court committed clear error in finding that his two state court convictions were

unrelated.  Accordingly, the judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court


Wade Brorby
Senior Circuit Judge